[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] OPINION
Timothy Kirk appeals from his conviction in the Montgomery County Common Pleas Court of escape in violation of R.C.2921.34(A)(1). His court appointed counsel has filed an Anders
brief stating he could find no viable issues for appeal.
Kirk was notified of his counsel's findings on October 30, 1998, and he was given an opportunity to file his own appellate brief in this matter. He has not responded.
Appellate counsel has suggested that the trial court may have failed to comply with R.C. 2929.19(B)(2)(a) in not making findings to justify incarcerating the defendant for the commission of a fifth degree felony. The trial court sentenced the defendant to a ten month term to be served consecutively to the sentence he was serving at the time of his escape.
Revised Code Section 2929.19(B)(2) provides:
 The court . . . shall make a finding that gives its reasons for selecting the sentence imposed in any of the following circumstances:
 (a) Unless the offense is a sexually violent offense . . . if it imposes a prison term for a felony of the fourth or fifth degree . . ., its reasons for imposing the prison term based upon the overriding purposes and principles of felony sentencing set forth in section 2929.11 of the Revised Code, and any factors listed in divisions(B)(1)(a) to (h) of section 2929.13 of the Revised Code that it found to apply relative to the offender.
Although the court did not specify the reasons for sentencing the defendant to prison in its sentencing entry, the trial court did indicate from the bench the reasons for imposing the sentence.
The court noted that the defendant admitted to escaping from detention for conviction of two misdemeanors in Clermont County, Ohio. The court noted that the defendant had been in and out of jail since he was sixteen. The court noted that the defendant previously attended the Monday program, a community control program. The court noted that the defendant abused a number of drugs and had participated in a court ordered drug and alcohol program on a prior occasion.
The court noted that the defendant got high on drugs while serving his misdemeanor sentence and then walked away from the detention facility.
It is clear that the trial court considered the purposes of felony sentencing found in R.C. 2929.11, that is, to protect the public from future criminal conduct by the defendant and to punish the offender. It is also clear that the trial court determined that the defendant previously served a prison term and was previously subject to a community control sanction. See, R.C.2929.13(B)(1)(g) and (h).
We are satisfied that the trial court substantially complied with its responsibilities required by R.C. 2929.19(B)(2)(a). The sentence was not inappropriate.
The judgment of the trial court is Affirmed.
WOLFF, J., and YOUNG, J., concur.
Copies mailed to:
Carley J. Ingram
Richard W. Schulte
Timothy Kirk
Hon. Jeffrey Froelich